# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-01597 PA (PVCx) | Date | February 27, 2020 |
|---|---|---|---|
| Title | Maria Ventouras v. Macys West Stores, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - ORDER TO SHOW CAUSE

    The Court has reviewed the Notice of Removal filed by defendant Macys West Stores, Inc. ("Defendant") on February 19, 2020. (Dkt. 1 ("Removal").) Defendant asserts that this Court has subject matter jurisdiction over the action brought against it by plaintiff Maria Ventouras ("Plaintiff") pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

    To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendant relies on a settlement demand letter from Plaintiff's attorney to establish the amount in controversy. The letter is dated December 24, 2019 and states:

> Ms. Ventouras hereby makes a demand of $150,000. Ms. Ventouras worked at least 1,000 hours of unpaid overtime, as well as missed meal breaks and associated penalties, [sic] makes this claim worth at least $150,000. Ms. Ventouras is amenable to exploring mediation and resolving this claim at a discount, but we will need an answer to this by January 10, 2020.

(Removal, Ex. B.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-01597 PA (PVCx) | Date | February 27, 2020 |
|---|---|---|---|
| Title | Maria Ventouras v. Macys West Stores, Inc. | | |

"Assuming the Court exercises its discretion to consider the demand letter as evidence of the amount in controversy, a settlement demand is not dispositive." Quiroz v. Asset Prot. & Servs., L.P., 2015 U.S. Dist. LEXIS 167179, at *6 (S.D. Cal. Dec. 9, 2015). "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (citing Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 428–30 (7th Cir. 1997)) (emphasis added). Plaintiff's demand letter does not provide any explanation or calculations for how she calculated a $150,000 demand. Compare Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) (stating that "[i]n trying to settle a claim, counsel naturally will try to inflate its value. Such 'puffing' cannot be taken as evidence of the amount in controversy."). It is unclear what hourly rate Plaintiff would have received for all 1,000 hours of unpaid overtime. Plus, it is unclear how many meal breaks she missed, or what penalties she is entitled to. Without more, the Court cannot conclude that the $150,000 amount is a "reasonable estimate" of the amount in controversy. Compare Kerbs v. Safeco Ins. Co. of Ill., 2011 U.S. Dist. LEXIS 138318, at *9 (W.D. Wash. Dec. 1, 2011) (finding "remand proper because the settlement letter lacks certainty as to the amount in controversy.").

More importantly, Plaintiff's Complaint identifies specific damages amounts that do not satisfy the amount in controversy. The Complaint was filed on January 13, 2020—several weeks after the demand letter was sent—and states that Plaintiff now seeks:

1. At least $3,600 in missed breaks;
2. At least $31,320 unpaid overtime wages;
3. At least $4,320 in waiting time penalties;
4. A maximum penalty of $4,000 for inaccurate itemized wage statements; and
5. Cumulative penalties, forfeitures in the amount of $2,500 for unfair competition.

(Removal, Ex. A ("Compl.") at 14-15.) This amounts to $45,740 in damages and is significantly less than the settlement demand and the $75,000 amount in controversy requirement. Defendant has failed to present any arguments reconciling this discrepancy, or explaining why the Court should ignore the damages allegations contained in the Complaint. For these reasons, Defendant has failed to make a sufficient showing that the amount in controversy requirement is met.

## Conclusion

Defendant has not met its burden of establishing this Court's subject matter jurisdiction. The Court hereby remands this action to Los Angeles Superior Court, case number 20STCV01619, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.